## G. W. HEINGLEY, ET AL., v. A. W. R. HARRIS.

[Abstract Kentucky Law Reporter, Vol. 1—55.]

**Office of Habendum in a Deed.**

The office of the habendum in a deed is to determine the estate or interest granted, and the object in construing a deed is to ascertain the intention of the parties to it, and this is to be arrived at by considering the entire instrument.

APPEAL FROM LOUISVILLE CHANCERY COURT. ·

May 27, 1880.

OPINION BY JUDGE PRYOR:

The interest of each one of the grantees is clearly defined in that part of the conveyance investing the wife with the power to sell or dispose of her interest by last will and testament.

The interest is a moiety with the power on the part of the feme covert to dispose of it. That part of the conveyance technically called the "premises," in which the names of the parties are given and the reasons for the conveyance, usually precedes the thing granted, and would under the old rule have made the conveyance informal. The office of the habendum in a deed is to determine the estate or interest granted and under the old forms, or by the rigid rule of the common law, Blackstone says the office of the habendum is sometimes performed in the premises. 1 Cooley's Blackstone 298. As in this case, "This indenture made between Richardson and wife, and A. R. W. Harris and Emily T. Harris, in equal moieties with the right of the said Emily to dispose of her half by deed or will as if a feme sole, the said Emily being the wife of the said A. R. W. Harris, of the second part, etc." This part of the deed is as much the habendum as that describing the whole estate conveyed, and would be held good under a less liberal rule of construction than is now recognized by the modern authority. The object in construing a deed is to ascertain the intention of the parties, and this is to be arrived at by considering the entire instrument.

In this case the intention is manifest, and whether expressed in the premises or in that part of the conveyance usually performing the office of the habendum is immaterial. By our statute a married

woman may dispose of such an estate under an express power. Such a power was conferred on the married woman in this case.

Judgment *affirmed.*

*L. & J. Caldwell, Winston, for appellants.*

*Barnett & Brown, John Roberts, for appellee.*

